In the Matter of JAMES DONLAN et al., Petitioners, against FRANCIS T. SPAULDING, as Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, June 24, 1949.

*Isadore H. Cohen* for petitioners.

*Charles A. Brind, Jr.,* for respondent.

TAYLOR, J. This is the return of an order to show cause pursuant to article 78 of the Civil Practice Act why an order should not be made herein directing the respondent to call a special meeting of the persons qualified to attend a central school district meeting for Central School District No. 1 in the Town of Clarkstown, Rockland County, New York, to give proper notice thereof in compliance with the provisions of article 37 of the Education Law, to cancel and rescind the ordered notice of meeting and to refrain from holding any proceedings, purported meeting or election pursuant to such purported notice of meeting.

On June 7, 1949, the Commissioner of Education, pursuant to article 37 of the Education Law, laid out a central school district in the town of Clarkstown, Rockland County. On June 13, 1949, a petition was presented pursuant to section 1802 of the Education Law asking for the organization of a central school district and the establishment of a central school therein. The legality of the existence of the central school district and the petition for the organization thereof and the establishment of a

central school therein is not attacked. The last-mentioned statute provides for fixing the time and place of a special meeting by the commissioner and the notice thereof which he is required to give. Whether or not the notice which has been given is sufficient is the question before me.

Section 1802 of the Education Law specifies the manner in which the commissioner shall give notice as follows: " If the commissioner is satisfied that the petition has been duly signed as provided in this section, he shall fix a time and place for a special meeting of the qualified voters within the central school district, which meeting shall be held not more than thirty days after the filing of the petition aforesaid. The commissioner shall cause notice of such meeting to be posted at least ten days before the meeting in three conspicuous places in each school district wholly or partly within the central school district. In addition to the posting of such notice, a copy thereof shall be published at least three days before the meeting in a daily or weekly newspaper published within the territory or in a newspaper circulating therein."

It is not disputed that the commissioner caused notice to be posted and published within the statutory time in the places required.

It is contended by the petitioners that the notice so posted and published does not satisfy the requirements of the statute, that in so issuing it the commissioner acted arbitrarily and capriciously in that while it purports to call a meeting of qualified voters, it actually is designed to prevent such a meeting and that such notice is null and void.

The Legislature in enacting the statute had in mind that a meeting should be held. That such is so is not only borne out by section 1802 of the Education Law where the commissioner is commanded to fix the time and place " for a special meeting " and to give " notice of such meeting " but also by section 1803 thereof wherein the proceedings at such a meeting are defined. That section provides for calling the meeting to order, the election of a chairman and clerk, the right to and manner of adjournment, the presentation of and the required vote to adopt the resolution, the taking of minutes and the right to reconsider the question. I do not understand that the respondent disputes that there must be a meeting before the balloting commences.

Stress has been laid by the petitioners both on the oral argument and in their brief that a school meeting is designed to provide the opportunity for assembly, for discussion, debate and deliberation. That such should be the pattern of such a

meeting is agreed by everyone. I cannot presume that the opportunity to assemble, debate, discuss and deliberate will be denied here.

It becomes necessary to examine the notice of the meeting which the commissioner has chosen to use to ascertain whether it reasonably apprizes the qualified voters that such a meeting will be held, its place and time and the questions to be considered, or whether it is a notice of an election and designed to prevent rather than to call a meeting as the petitioners claim.

The notice reads as follows:

" NOTICE
SPECIAL MEETING
PROPOSED CENTRAL SCHOOL DISTRICT

Notice is hereby given that a special meeting of the qualified voters of proposed Central School District No. 1 of the Towns [*sic*] of Clarkstown, Rockland County, will be held at Congers High School in the said proposed Central District on the 28th day of June, 1949, the meeting to convene at 10:00 A.M., Eastern Daylight Saving Time, the balloting to continue until 9:00 P.M., Eastern Daylight Saving Time, to vote on the following question:

Resolved that Central School District No. 1 of the Town of Clarkstown, Rockland County, as described in the order of the Commissioner of Education now before this meeting, be organized and a central school for instruction in elementary or elementary and high school subjects be established.

If the resolution be carried by a majority vote, the meeting will thereupon proceed to elect a board of education.

FRANCIS T. SPAULDING
*Commissioner of Education.*

Dated June 18, 1949 "

It will be observed that at the top of the notice in bold heavy type appear the words " Notice " of a " Special Meeting ", It goes on to state that " Notice is hereby given that a special meeting * * * will be held * * * on the 28th day of June, 1949, the meeting to convene at 10:00 A.M., Eastern Daylight Saving Time, the balloting to continue until 9:00 P.M. Eastern Daylight Saving Time, to vote on the following question: * * * ".

The notice emphasizes the meeting and not the balloting. The appropriate chronological sequence of each is observed, i.e., the convening of the meeting at 10:00 o'clock A.M. and the balloting to continue until 9:00 o'clock P.M. The language is plain

and I cannot believe that anybody who has read the notice could come to any conclusion other than that a special meeting is appointed to be held at the time and place stated.

Some contention is raised by the petitioners that the hours fixed by the commissioner are not convenient or designed to accommodate many people who are qualified to vote in the district. The statute has left that matter in the discretion of the commissioner and the time which he has fixed does not impress me as arbitrary or capricious. It may well be that in a district as large as this one with the apparent interest and controversy concerning the issue, both the meeting and the balloting will require the entire time allotted for those purposes.

Since, in my opinion, the notice is in compliance with the statute, the commissioner cannot be said to have acted arbitrarily or capriciously in its use.

The proceeding is dismissed on the merits, without costs. Submit order.